†MARY A. RUSSELL ET AL. v. EDWIN P. RUSSELL ET AL.

WHERE MERE PREPONDERANCE IS REQUIRED, CHARGE OF FAIR PREPONDERANCE IS ERROR.
In the trial of an action to contest a will on the ground that it was not, in fact, executed and
attested as required by law, it is error to charge that the jury must be satisfied, by a
fair preponderance of all the evidence, that the paper writing is not the last will of
the decedent, or they must find that it is. The words "satisfied" and "fair" require
more than a mere preponderance.

Error to the Court of Common Pleas of Portage county.

LAUBIE, J.

This is a proceeding in error to reverse the judgment of the court below in
an action contesting the will of David L. Russell, deceased.

The contestants claimed that the will was invalid because it was not, in fact,
executed and attested as required by statute; but they were defeated and the will
was sustained. A bill of exceptions was taken, setting out the evidence and the
charge of the court in full.

The judgment is asked to be reversed upon error in the charge, and the rec-
ord shows the exception on the part of the contestants as follows:

"I except to that part of the charge in which the court said: 'You will therefore
look at all the evidence with that view, and if it fails to satisfy your minds that said paper
writing was not the last will and testament of D. L. Russell, you should say it was his
last will. But if you are satisfied from the evidence that the *prima facie* case has been
overcome, and find the paper writing introduced in evidence is not the last will and testa-
ment of D. L. Russell, you should so say by your verdict.' Upon the ground that it
throws upon the plaintiff more than a burden; it requires the jury to be satisfied of the
claim of the plaintiff, and which I claim to be a greater degree of proof than is required
by law; which is simply a preponderance."

This presents the question as to the quantum of evidence necessary to de-
termine an issue of fact in civil cases. In order to ascertain whether the court
erred in the words excepted to, we must consider such other parts of the charge
as relate to the same matter, and which qualify or explain their use. The bill of
exceptions shows the court instructed the jury that the record of the probate of
the will, offered by the contestees, was *prima facie* proof of the due attestation,
execution and validity of the will, and threw the burden of proof upon the con-
testants to prove that the paper produced was not the last will of said Russel, and
continued as follows:

"You must therefore be satisfied by a fair preponderance of all the evidence that
the paper writing is not the last will and testament of D. L. Russell, deceased, or you
must find that it is. You will therefore look at all the evidence with that view, and if it
fails to satisfy your minds that the paper writing is not the last will and testament of D.
L. Russell, deceased, you should say that it is his last will; but if you are satisfied from
the evidence that the *prima facie* case has been overcome, and find the paper writing
introduced is not the last will and testament of D. L. Russell, you should say so in your
verdict."

Looking only to the sentence excepted to, it will appear that the court did
not permit the jury to determine the issue upon the preponderance of the evi-
dence; because the charge required that the jury should be satisfied that it was
not the will of David L. Russell; otherwise they should return a verdict that it
was his will. But from the context, and the reference made thereto by the court,
it is fairly to be inferred that such was not the meaning intended. The court
said: "You will, therefore, look at all the evidence with that view." What
view? The view which the court had just presented to them, that they must be
satisfied by a fair preponderance of all the evidence, or, that the production of the
record of the will was *prima facie* evidence of its due execution, attestation and
validity, or both; but whether the reference was to each or to one only of these

† Cited and followed in Effinger v. State, 6 Ohio Circ., Dec. 000.

propositions, it is clear that the proposition immediately preceding should be read in connection with the one excepted to, because in that the jury are told in what manner this satisfaction should be produced, viz.: by a fair preponderance of all the evidence. It must be read altogether to know what the court was charging the jury as to the quantum of evidence, and the charge is, therefore, in substance, that the jury should be satisfied, by a fair preponderance of all the evidence, that the paper writing was not the will of D. L. Russell, deceased; otherwise they should find that it was his will.

Even thus qualified, we think it was erroneous, as it prevented the jury from determining the issue upon the preponderance of the evidence; first, because it required that their minds should be satisfied, and secondly, not by a preponderance of the evidence, but by a fair preponderance.

In all the cases which have been before the court of last resort in this state wherein the rule is stated, care was taken to not use any words denoting degrees in preponderance; and the rule in civil cases generally is that all issues of fact shall be determined by a preponderance of the evidence; and such preponderance is not required to be of such degree, weight or convincing character as that it must satisfy the minds of the jurors.

In Jones v. Greaves, 26 O. S. 2, it was held that "On the trial of a civil action wherein the claim or defense is based on an alleged fraud, the issue may be determined in accordance with the preponderance or weight of evidence, whether the facts constituting the alleged fraud do or do not amount to an indictable offense."

In Shaul v. Norman, 34 O. S., 158, which was an action to recover damages for assault and battery, it was held that it is "not necessary to prove the charge otherwise than by a preponderance of the evidence."

In homicide, where the defense is insanity, while the defendant is presumed to have been sane, and the burden rests upon him to prove the insanity, the quantum of proof is a "bare preponderance." Bond v. State, 23 O. S. 349.

The presumption of sanity stands in the place of evidence of that fact, and makes a *prima facie* case of legal responsibility for the crime, and casts the burden of proof on the defendant to establish that he was not sane, as, in the case at bar, the *prima facie* effect of the order of probate casts the burden of proof on the contestants, to be sustained in either case by a bare preponderance of the evidence.

In Davis v. Guarneri, 45 O. S. 471, it was held that "In the trial of a civil action, where the preponderance of the proof is to determine the issue, the jury deal simply with the probabilities in the case; and where the jury is asked to find specially, whether a particular fact exists, and answers probably not, this is a finding that, for the purposes of the case, the fact does not exist." And in the opinion, page 490, it is said: "It is not necessary to the determination of the issues in a civil case (with very few exceptions, of which the present is not one), that the triers should believe the existence of any material fact, but that the probabilities, when weighed by them, should preponderate in favor of the fact they find established by the proof."

Yet in the case at bar the jury were told that their minds must be satisfied that the will was not the will of D. L. Russell. Satisfied; what does that mean? As given by Webster, it means "To free from doubt or uncertainty; to give assurance to; to set at rest the mind of; to convince." So that the rule laid down in the charge of the court below is almost, if not quite, the same in effect as the rule in criminal cases; because satisfied substantially means beyond all reasonable doubt.

It is true the jury were instructed that they must be satisfied by a fair preponderance of all the evidence; still their minds were to be satisfied; and not by a mere preponderance of the evidence, but by a fair preponderance.

A fair preponderance means a clear preponderance, as the meaning of the word "fair" indicates. In this connection undoubtedly it might just as well read clear preponderance as fair preponderance, as the terms are synonymous; and the jury might well have understood that the preponderance must be of such a clear and convincing character as that it must satisfy their minds that the paper writing was not the will of the decedent.

There are no degrees in preponderance within the rule under consideration, and the opinion of the jury cannot be fettered by grades in preponderance, or de grees in the weight of the evidence. If it preponderates at all, it is sufficient.

It is true there are civil cases where a preponderance of the evidence is not sufficient to maintain the issue. Cases where the evidence must be clear and satisfactory; but this is not one of them.

While secs. 5862, 5864, Rev. Stat., prescribe the order of the trial, direct the introduction and declare the effect of the will and order of probate, and change the burden of proof from the propounders to the contestors, yet this in no way changes the established rule governing the conduct of the jury in determining the issue. The degree of evidence necessary to sustain the affirmative of the issue remains the same. The jury are to determine the issue by a simple preponderance of the evidence, taking all of the evidence into consideration, and giving to each and every part of it its full legal effect.

It is the rule in civil suits that "a preponderance of evidence is all that is required to maintain the affirmative of the issue. For, as already stated, to create a preponderance of evidence it must be sufficient to overcome the opposing presumptions as well as the opposing evidence." Lyon v. Fleahmann, 34 C. S., 156.

"Proceedings to contest the validity of a will under the statute, are in the nature of an appeal from the order of probate thereof, and all the material facts in issue are to be heard and determined *de novo*, as though such order had not been made: except that such order of probate is *prima facie* evidence of the due attestation, execution and validity of the will, and the burden of proof is on the contestants to invalidate it." Haynes v. Haynes, 33 O. S. 598.

In Mears v. Mears, 15 O. S., 90, the point under consideration was not raised. The charge that the jury "must be satisfied from the other evidence produced, that the writing is not the last will of the testator, or they must find that it is," was neither excepted to nor considered on the question of the quantum of evidence, as the syllabus itself indicates. The only point made by counsel, and considered and decided by the court, was whether the burden of proof was thrown back upon the contestees after the contestants had offered evidence sufficient to overcome the *prima facie* case made by the introduction of the record of the probate of the will.

In discussing this question Judge Wilder, in the opinion, page 102, says :

"The necessary effect of this provision [of the statute] is to change the burden of proof in respect to each of these subjects, from the propounders or contestees to the contestants of the will. It there remains, the court and jury having thereafter only to determine upon all the proofs given in the case, where the weight of all the evidence lies."

From this and what was previously said, it clearly appears that the court understood that the jury were to determine the issue upon the weight or preponderance of all the evidence, and that the court was not deciding otherwise.

Banning v. Banning, 12 O. S., 437, was a case of a spoliated will, in regard to which the statute requires clearer and more satisfactory evidence to establish the contents of the will, and to admit the will to probate, than is required where the will is produced in court; and hence it might well be, as was held in that case, that in order to set aside a will so established the jury must be "satisfied" by a preponderance of the evidence that it is not the will of the decedent. The law in force at the time of this decision was the same as sec. 5947, Rev. Stat., and required the court, in the case of a spoliated will, "to be satisfied" by the proof that such will was duly executed before it should admit the will to probate; while in regard to wills produced in court for probate the law then, as now, provided (Rev. Stat., sec. 5929), "If it shall appear that such will was duly attested and executed * * * the court shall admit the will to probate."

With such a marked difference in phraseology in the two cases, and where the contents of the will, as well as its due execution, is to be proved on the one hand or disproved on the other hand, we are not now inclined to question the propriety of requiring clear and satisfactory evidence in the case of spoliated wills.

Yet we have some doubts whether this precise point, in and of itself, was considered in Banning v. Banning, *supra*, at all; or if it was, it must have been very cursorily considered, if we are to judge from the erroneous view taken of the character of the proceeding of the probate court in admitting the spoliated will to probate, apparent from the following, taken from the opinion, page 448: "The establishment and probate of a spoliated will is no idle ceremony; no matter of mere form; no *ex parte* proceeding; but, on the contrary, it is a proceeding upon full notice, affording ample opportunity for contest." It had been early decided in the same court that the statute, and the policy of the law as well, prohibited a contest, and permitted no one to introduce evidence to prove the will invalid and resist the probate, and that the proceeding was in its nature *ex parte*. Hathaway's Will, 4 O. S., 383. See also Mears v. Mears, 15 O. S., 90, 96; Bolles v. Harris, 34 O. S., 38, 40. This misconception of the provisions of the statute for the probating of wills, to a large extent, was the foundation for the decision in Banning v. Banning, *supra*, and lessens it as an authority on the point we are here considering.

It is to be noted that while the holding in Banning v. Banning, *supra*, was approvingly cited in Behrens v. Behrens, 47 O. S., 329, it was without any discussion or examination of the point here considered, or necessity therefor; and that was also a case of a spoliated or destroyed will.

But, at all events, the charge in the present case goes beyond the holding in Banning v. Banning, *supra*.

In Banning v. Banning, *supra*, the holding is that the "will must stand, unless the jury are satisfied, by a preponderance of proof, that it is not, in substance, the will of the testator;" while the charge in this case attaches an additional barrier to an adverse finding, in that such preponderance must be a fair preponderance. Dividing preponderance into degrees, the charge requires a fair preponderance before the minds of the jury may be satisfied. This was intended to mean more than a mere preponderance, or it means nothing; and if it means more, it requires the burden of proof to be sustained by a greater quantum of evidence than is necessary in civil cases generally. However just it may be to require the minds of the jury to be satisfied by a fair preponderance of all the evidence before they could find against the will, we know of no rule of law that requires it, or that would preclude a jury from finding against the will upon a bare preponderance of all the evidence, giving to every part its just weight.

Other objections might, perhaps, be made to the charge under consideration, as, for instance, whether it were possible for the jurors to understand and properly apply the rule given them; whether they would understand that a fair preponderance of the evidence submitted to them should satisfy their minds of the truth of the point to be proved by the contestants; whether a fair preponderance of such evidence would require them to be satisfied; or, notwithstanding they found a fair preponderance of such evidence was against the will, might they not still say, without violating the letter of the charge, that it had failed to satisfy their minds, and thereupon render a verdict against such preponderance? But we pass these questions by, and content ourselves with the reasons already given for the reversal of the judgment.

Judgment reversed, and cause remanded.

S. F. Hanselman and I. T. Siddell, for plaintiff in error.

J. H. Nichols and G. Seymour, for defendant in error.